**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1223
_____

FLAKEWOOD ALAN TUCKER, III,

Appellant

v.

THOMAS JEFFERSON UNIVERSITY

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 2-09-cv-01197)
District Judge:  Honorable Edmund V. Ludwig
_____

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2012
_____

Before: VANASKIE, BARRY and CUDAHY,[*] Circuit Judges

(Opinion Filed: June 7, 2012)
_____

OPINION
_____

CUDAHY, Circuit Judge

_____

[*] Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of
Appeals for the Seventh Circuit, sitting by designation.

This is a race discrimination case. Flakewood Alan Tucker III was employed as an ultrasound technician at Thomas Jefferson University Hospital through JeffTemps, the University's temporary staffing affiliate. Tucker is a black male. During Tucker's employment, Kellie Roberts, a patient registrar, filed a sexual harassment claim against Tucker. Roberts is a white female. After Tucker made several inappropriate comments and advances to Roberts, Roberts complained and he was later fired. Tucker then filed suit alleging his termination was motivated by racial discrimination. We affirm the district court's finding that Tucker was not fired because he was black.

Roberts complained to Richard Blob, an Associate Administrator in the Hospital's Radiology Department, of Tucker's inappropriate behavior. Blob is also white. Roberts complained that Tucker constantly touched her back, despite her repeated requests that he not do so. Roberts also claimed that Tucker had approached two other women, calling one "sexy and single" and making slurping noises at the other. Roberts identified three witnesses to Tucker's actions: Ms. Basfield-Holland, Mr. Bolger and Ms. Burroughs, all of whom are black. When interviewed, they each supported Roberts' version of events. Blob attempted to interview Tucker, but Tucker had remained absent from work after the complaint. Later, when University managers finally met with Tucker, he admitted to touching Roberts, but characterized the touching as friendly. Human Resources determined that Tucker violated the harassment policy and terminated his employment.

Tucker sued, alleging unlawful racial discrimination under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. The district court granted summary judgment for the University, finding that Tucker could not establish a prima facie case of discrimination and, in addition, that the University had presented a valid non-discriminatory reason for the firing. Tucker provided no evidence of racial bias other than the fact that Roberts and Blob are both white.

Tucker appeals, arguing the district court improperly granted summary judgment because he can establish a prima facie case of race discrimination and that the hospital's proffered reason for his firing was pretextual.  The district court had jurisdiction under 28 U.S.C. § 1331. As an appeal from the district court's final order, we have jurisdiction under 28 U.S.C. § 1291. Our review of motions for summary judgment is plenary, interpreting all facts in favor of Tucker. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 87-88 (3d Cir. 2000).

## I.

On appeal, Tucker argues that there is sufficient evidence to establish a prima facie case of race discrimination under Title VII.  To establish a prima facie case of race discrimination, Tucker must show that he (1) is a member of a protected class; (2) was qualified for the position; (3) was terminated; and (4) the termination gave rise to an inference of discrimination based on race or gender. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).  Once a plaintiff makes a prima facie case of discrimination, the burden shifts to the employer to provide a legitimate,

nondiscriminatory reason for its actions. *Id.* at 802. The district court correctly granted summary judgment for the University, because Tucker failed to make a prima facie case of race discrimination and, in any event, the University provided a legitimate reason for his firing.

Tucker, as an African-American, is part of a protected class, who was terminated, and though it is not clear that he was qualified for his position, for the purposes of this review we will assume he was qualified. Tucker failed to show, however, that his employment was terminated under circumstances giving rise to an inference of discrimination based on his race.

Tucker claims he was fired simply because he is black. But the subjective belief that race played a part in his firing is insufficient. *See Jones v. School Dist. of Phila.*, 198 F.3d 403, 414 (3d Cir. 1999). Tucker points to the alleged factual inadequacy of Blob's investigation as support for the inference of race discrimination. But the adequacy of Blob's factual findings is not at issue; the issue is whether discriminatory animus motivated Blob's investigation and Tucker's later firing. *See Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994). Tucker has offered no evidence that gives rise to an inference of discrimination based on race. Tucker fails to identify any other employee who was outside of his protected class and was treated more favorably after a sexual harassment complaint. Tucker also fails to point to any policy or pattern of favorable treatment to non-black employees. The district court specifically noted that Tucker failed to offer any

4

evidence other than his subjective beliefs. Tucker has therefore failed to establish a prima facie case and his claim cannot survive summary judgment.

Even assuming that Tucker's subjective belief could serve as the basis for a prima facie case of discrimination, the University provided a legitimate reason for his firing: Tucker's sexual harassment of Roberts. Because the University provided a legitimate reason, the burden falls on Tucker to demonstrate that this reason was merely pretext. *McDonnell Douglas Corp.*, 411 U.S. at 802. Yet, Tucker was unable to produce any evidence to cause the court to "disbelieve the employer's articulated legitimate reasons" or to believe that a discriminatory motive was more likely than not the determinative cause of the employer's action. *Jones*, 198 F.3d at 413. Tucker must show that the University's reasons for firing him are "weak, incoherent, implausible, or so inconsistent that 'a reasonable factfinder could rationally find them unworthy of credence.'" *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 800 (3d Cir. 2003), *cert. denied*, 541 U.S. 1064 (2004) (quoting *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108-09 (3d Cir. 1997)). Clearly he cannot.  Roberts' testimony and the statements of witnesses supported the conclusions of Blob, Human Resources and the district court that Tucker's "conduct was not consented to and was sexual in nature and constituted sexual harassment."

## II.

Tucker alternatively argues that his case fits the "subordinate bias" theory or "mixed motive" theory. Both arguments are without merit.

5

The subordinate bias, or "cat's paw," theory states that an employer is liable for race discrimination when a nonbiased decision-maker is influenced by a biased managerial employee. *See Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1193-94 (2011). Tucker's subordinate bias argument lacks evidentiary support. Tucker does not show that Blob or Roberts are racially biased. Instead, like his prima facie discrimination argument above, Tucker argues two facts: Blob and Roberts are both white while he is black and Blob did not interview him. This does not show racial bias.

Tucker's mixed motive argument similarly lacks evidence. Mixed motive theory provides that discrimination exists if a plaintiff can show that race "was a motivating factor for any employment practice." *Desert Palace, Inc. v. Coasta*, 539 U.S. 90, 101 (2003) (internal quotations omitted). Again, Tucker offers no evidence that discrimination was a motivating factor in the decision to terminate him. Rather, he points to Blob's failure to include a statement from Tucker in his investigation to show that the complaint was motivated by racial animus. The district court correctly found that the evidence Tucker relies on does not support this claim; indeed, the fact that the three witnesses were black tends to refute this theory. The mere fact that the accuser and the plaintiff are of different races does not support an inference of discrimination. *Iadimarco v. Runyon*, 190 F.3d 151, 156 (3d Cir. 1999).

Tucker's reliance on the race of his accuser and the adequacy of Blob's investigation alone cannot carry the day. Tucker was investigated and fired because he sexually

6

harassed a female coworker. For these reasons, the judgment of the district court is

AFFIRMED.